IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT MONTANEZ, SR., ) <br> No. B55240, ) <br> ) <br>          Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> RANDY STEVENSON, ) <br> JEFFREY STRUBHART, ) <br> JON McDONALD, and ) <br> SCOTT REIS, ) <br> ) <br>          Defendants. ) | Case No. 14-cv-00985-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Robert Montanez, Sr., an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on the failure of the defendant prison officials to facilitate Montanez's telephonic participation in a hearing in the Superior Court in Lake County, Indiana.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

According to the complaint, after Plaintiff Montanez was convicted and imprisoned, the mother of his child petitioned the state court to change the name of Plaintiff's son, Robert Montanez, Jr., so the child and mother would share the same surname (*see* Doc. 1, pp. 25-26). Plaintiff contested the name change.

After receiving a summons to appear at a hearing on the name-change petition (Doc. 1, p. 31), Plaintiff initially lodged a prison grievance citing the Agreement on Detainers, 730 ILCS 5/3-8-9, and seeking a writ and transport to the hearing (Doc. 1, p. 29). Plaintiff's counselor, Scott Reis, and Grievance Officer Jon McDonald denied the grievance, observing that the Agreement is inapplicable to the sort of hearing Plaintiff wanted to attend, as no detainer was involved (Doc. 1, pp. 29-30).

In consideration of Plaintiff's incarceration and inability to participate in a hearing in person, the Superior Court issued an "order" stating that "Mr. Montanez should have the opportunity to participate in the hearing by telephone if he wishes to do so" (Doc. 1, p. 17).

Plaintiff submitted a written request to Randy Stevenson, the supervisor in charge of Clinical Services at Lawrence, explaining that a hearing was set on June 13, 2012, and asserting (incorrectly) that he could lose his parental rights if he did not participate by telephone (Doc. 1, p. 18). Superintendent Stevenson responded by directing Plaintiff to "write the court" asking that Lawrence "make [him] available for the hearing." (Doc. 1, p. 18). Stevenson did not indicate that anything else had to be done.

Plaintiff filed a motion with the Superior Court seeking be allowed to participate in the scheduled hearing via video conferencing technology. The motion for a videoconference was denied because the Superior Court did not have such technology (Doc. 1, p. 21). The state court observed that it had no legal authority to order the Clinical Services Prison Litigation Representative at Lawrence to make Plaintiff available by telephone and directed that Plaintiff follow the prison's procedures for arranging Plaintiff's participation in the scheduled hearing via telephone (Doc. 1, p. 21). The order was faxed from the Superior Court directly to "Clinical Services" (Doc. 1, p. 20).

According to the complaint, on June 13, 2012, Clinical Services Supervisor Stevenson, Grievance Officer Strubhart (a member of the Clinical Services Department), Grievance Officer McDonald, and Counselor Reis "failed to make Plaintiff available" for the court hearing in person, via videoconferencing, or by telephone (Doc. 1, p. 7). Consequently, the name-change petition was granted (*see* Doc. 1, p. 22 -- docket entry reflecting that Montanez did not appear for the hearing, but that he had submitted a written objection; argument was heard, and the petition was granted).

In January 2013, well after the petition for name-change was granted, Plaintiff submitted a grievance about being denied a phone call to the Superior Court (Doc. 1, pp. 33-34). A

counselor explained that the court would have to "fax something" requesting a phone call with Plaintiff (Doc. 1, p. 33). Grievance Officer Strubhart concurred with the denial of the grievance (Doc. 1, p. 35). The Administrative Review Board and Director of the Illinois Department of Corrections affirmed the denial of that grievance in February 2013 (Doc. 1, p. 36), and this action was filed on September 10, 2014 (Doc. 1).

Plaintiff contends that the four defendants—Clinical Services Supervisor Stevenson, Grievance Officer Strubhart, Grievance Officer McDonald, and Counselor Reis—were "deliberately indifferent" and denied Plaintiff access to court in violation of the Sixth Amendment. Plaintiff seeks compensatory and punitive damages, as well as legal fees to fight to restore his son's name (Doc. 1, p. 8).

## Discussion

*The Nature of the Claims*

As a preliminary matter, the Court observes that Plaintiff mistakenly characterizes his claims as emanating from the Sixth Amendment. The Sixth Amendment details the rights of the accused in a criminal prosecution. U.S. CONST., amend. VI. "[T]he Sixth Amendment does not govern civil cases." *Turner v. Rogers*, __U.S.__, 131 S.Ct. 2507, 2516 (2011). Rather, the sort of "access to the courts" claim that Plaintiff is asserting stems from the First and Fourteenth Amendments.

> The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts *without undue interference*. The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *See Vasquez v. Hernandez,* 60 F.3d 325, 328 (7th Cir.1995); *see also Johnson v. Atkins,* 999 F.2d 99, 100 (5th Cir.1993) ("Meaningful access to the courts is a fundamental constitutional right, grounded in the First Amendment right to petition and the Fifth and Fourteenth Amendment due process clauses.").

*Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004) (emphasis added). *See also EJS Properties, LLC v. City of Toledo*, 698 F.3d 845, 863 (6th Cir. 2012). Plaintiff appears to have had standing to contest the proposed name change, although there may be some question regarding paternity (*see* Doc. 1, p. 25 ¶ (4)(c)). Consequently, the First and Fourteenth Amendments are implicated. With that said, it is noted that more than mere negligence is required to ultimately prevail on an "undue interference" claim, although that is not a pleading requirement. *See Snyder*, 380 F.3d at 291, n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)).

Because Plaintiff is proceeding *pro se*, and because he specifically claimed that he was being denied access to the courts, this Court will *sua sponte* construe the complaint as asserting claims under the First and Fourteenth Amendments. Plaintiff's Sixth Amendment claims should be considered dismissed with prejudice, as they are not legally viable. Nonetheless, the Court's analysis does not end there.

*Personal Involvement*

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Because personal involvement is required for liability to attach, the *respondeat superior* doctrine—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Each defendant's involvement in the alleged interference with Plaintiff's access to the Superior Court will be assessed.

Clinical Supervisor Randy Stevenson was clearly involved in instructing Plaintiff how to arrange to participate in the state court hearing via telephone, and Plaintiff followed his

instructions. The First Amendment does not require that prison officials assist with litigation, but they cannot erect impediments. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1102-03 (9th Cir. 2011). For example, a prisoner is not entitled to attend the trial of his own civil case, and a prison cannot be required to "cost-shift" or assist an inmate in prosecuting a civil case to which the prison is not a party. *See Ivey v. Harney*, 47 F.3d 181, 185-86 (7th Cir. 1995). The allegations in the complaint and the supporting exhibits indicate that Stevenson was anything but an impediment in advance of the June 13 hearing, but whether he deliberately hindered Plaintiff from participating in the hearing via telephone remains to be seen. Stevenson's instructions indicated that all that was required was for Plaintiff to have the Court ask that Plaintiff be made available for the hearing, which Plaintiff accomplished. Whether Stevenson had any further involvement once the Superior Court's order was faxed to Clinical Services is a question for another day. At this point, the First and Fourteenth Amendment claims against Stevenson may proceed.

Grievance Officer Strubhart, Grievance Officer McDonald, and Counselor Reis, however, lack the requisite personal involvement—at least the sort of involvement that would trigger liability. Strubhart had no involvement whatsoever until one year after the alleged constitutional violation, when he approved the denial of Plaintiff's grievance. The mere fact that Strubhart may have been a member of the Clinical Service Department is an insufficient basis for liability.

Grievance Officers McDonald and Reis were only involved in that they passed on Plaintiff's grievances. The complaint does not suggest that they were otherwise involved in the process of arranging for Plaintiff to participate in the June 13, 2012, hearing or preventing him from participating. Reis and McDonald were only involved with the grievance seeking transport

to the hearing, which is not constitutionally required (*see Ivey*, 47 F.3d at 185-86). Furthermore, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007).

Because the claims against Defendants Strubhart, McDonald, and Reis fail as a matter of law, those three defendants will be dismissed with prejudice.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, any and all Sixth Amendment claims are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Defendants **JEFFREY STRUBHART**, **JON MCDONALD,** and **SCOTT REIS are DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's access to courts claim under the First and Fourteenth Amendments shall otherwise **PROCEED** against Defendant **RANDY STEVENSON**. The claim against **STEVENSON** shall be designated as "**COUNT 1**." The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

The Clerk of Court shall prepare for Defendant **RANDY STEVENSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.

If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings, including consideration of Plaintiff's motion for recruitment of counsel (Doc. 4). The undersigned district judge will rule on Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) by separate order.

Plaintiff's motion for leave to omit the required trust fund statement from his motion for leave to proceed as a pauper (Doc. 3) is **DENIED**. On or before **October 31, 2014**, Plaintiff shall either submit the $400 filing fee or a certified trust fund statement, as required under 28 U.S.C. § 1915(a)(2). Failure to pay the filing fee or submit the certified trust fund statement will likely result in the dismissal of this action without prejudice.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 8, 2014**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**