IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT MONTANEZ, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-985-NJR-DGW |
| | ) |
| RANDY STEVENSON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Currently pending before the Court is the Motion to Dismiss for Failure to State a Claim filed by Defendant Randy Stevenson on December 17, 2014 (Doc. 19). For the reasons set forth below, the Motion is granted.

### BACKGROUND

Plaintiff Robert Montanez, Sr. is an inmate in the custody of the Illinois Department of Corrections at Lawrence Correctional Center ("Lawrence"). Plaintiff brought this civil rights action pursuant to 42 U.S.C. § 1983 alleging Defendant Randy Stevenson, the Clinical Services Supervisor at Lawrence, failed to facilitate Plaintiff's participation in a family law matter pending in the Superior Court in Lake County, Indiana. More specifically, Plaintiff claims that he submitted a written request to Defendant explaining that a hearing was set on June 13, 2012, regarding a petition brought by the mother of his son to change the son's surname. Defendant told Plaintiff to ask the Court to issue an order directing officials at Lawrence to make him available for

the hearing. Plaintiff filed such a request with the Superior Court, but it was denied because the Superior Court observed it had no legal authority to order the Clinical Services Prison Litigation Representative at Lawrence to do anything. The Superior Court directed Plaintiff to follow the prison's procedures for arranging his participation via telephone at the scheduled hearing. Plaintiff claims that Defendant Stevenson failed to make him available for the hearing although he was provided with notice. Consequently, the petition brought by the mother of Plaintiff's son to change the son's surname was granted.

After the Court initially screened Plaintiff's complaint, Plaintiff was allowed to proceed against Defendant Stevenson on an "access to the courts" claim in violation of the First and Fourteenth Amendments. On December 17, 2014, Defendant Stevenson filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that he is entitled to qualified immunity (Doc. 19). Defendant avers that he acted within his capacity as a state official at the time of the events giving rise to Plaintiff's complaint, and his alleged actions did not violate a clearly established constitutional right. Defendant argues that he did not deliberately hinder Plaintiff from attending the court hearing at issue, but reasonably concluded that Plaintiff was not granted permission from the Superior Court to attend and, in any event, Plaintiff does not have a constitutional right to be present at a civil hearing regarding a petition to change a name. Plaintiff timely responded to Defendant's motion, arguing that Defendant Stevenson denied him meaningful access to the courts by impeding his ability to participate in the hearing at issue (Doc. 24). Plaintiff further argues that the Superior Court's order

specifically provided permission to "participate by telephone" in the June 13th hearing.

## DISCUSSION

Defendant Stevenson seeks dismissal under Rule 12(b)(6) based on qualified immunity. The defense of qualified immunity protects government officials performing discretionary functions from civil liability so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Alvarado v. Litscher*, 267 F.3d 648, 652 (7th Cir. 2001). Generally, claims for qualified immunity cannot be decided on a motion to dismiss, "[b]ecause an immunity defense usually depends on the facts of the case," and because plaintiffs are "not required initially to plead factual allegations that anticipate and overcome a defense of qualified immunity." *Alvarado*, 267 F.3d at 651 (citing *Jacobs v. City of Chi.*, 215 F.3d 758, 765 n.3 (7th Cir. 2000)). But the issue of qualified immunity can be appropriately decided on a motion to dismiss when the complaint involves an alleged violation of a right that was not clearly established at the time of the defendant's actions. *See, e.g., Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 916 (7th Cir. 2015); *Williams v. Bd. of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282, 1300 (11th Cir. 2007); *Thomas v. Independence Twp.*, 463 F.3d 285, 291 (3d Cir. 2006).

"It is the plaintiffs' burden to demonstrate that a constitutional right is clearly established." *Jacobs*, 215 F.3d at 766 (citation omitted). For a constitutional right to be clearly established, its contours "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Estate of Escobedo v. Bender*, 600 F.3d 770, 779 (7th Cir. 2010) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). The

unlawfulness of a particular official's action must be apparent "in light of the pre-existing law." *Estate of Escobedo*, 600 F.3d at 779. The plaintiff may demonstrate that a right was clearly established by presenting a closely analogous case establishing the defendant's conduct was unconstitutional or by presenting evidence the defendant's conduct was so patently violative of the constitutional right that reasonable officials would know without guidance from a court. *See Hope*, 536 U.S. at 739–40.

The crux of Plaintiff's claim is that Defendant Stevenson denied him access to the court by preventing him from participating in the hearing regarding his son's name change on June 13, 2012. Undeniably, inmates have a constitutional right of access to the courts. *See Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004) (citing *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993)). The question for the Court is whether it was clearly established that the right of access to the courts encompassed Ball's right to appear at the hearing.

Plaintiff has not provided, and the Court has been unable to find, an opinion in which the Supreme Court or the Seventh Circuit decided a case on the grounds at issue here. More specifically, there does not appear to be any closely analogous case establishing a constitutional right for a prisoner to attend a hearing in a family law matter that was not filed, or otherwise prosecuted, by the prisoner. And in a broader sense, there does not appear to be a controlling case establishing a constitutional right for a prisoner to attend a hearing in *any civil matter* that was not initiated by the prisoner. *See Thornton v. Snyder*, 428 F.3d 690, 697 (7th Cir. 2005) ("Although due process prohibits the denial of access to the courts, a prisoner does not have a constitutional right to attend

the jury trial of his civil rights claim involving the conditions of his confinement.")

Finding no controlling precedent from the Supreme Court or the Seventh Circuit, the Court has reviewed relevant case law from other circuits to determine "whether there [is] such a clear trend in the case law that we can say with fair assurance that the recognition of the right by a controlling precedent [is] merely a question of time." *Estate of Escobedo*, 600 F.3d at 781 (quoting *Jacobs*, 215 F.3d at 766). Upon review of case law in other circuits, the Court finds no trend establishing a constitutional right analogous to the circumstances in this case. *See, e.g.*, *Ball v. Hartman*, 396 Fed. Appx. 823, 825 (3d Cir. 2010) (unpublished) (prisoner's right of access claim does not extend to child support action); *Glover v. Johnson*, 75 F.3d 264, 269 n.6 (6th Cir. 1996) (holding that Michigan prisoners are not entitled to legal assistance in parental right matters); *Camp v. Dobbs*, No. 2:11-CV-0140, 2011 WL 6968155, at *2 (N.D. Tex. Dec. 20, 2011), *report and recommendation adopted*, 2012 WL 75669 (Jan. 10, 2012) ("However, the right of access to the courts does not give an inmate the unqualified right to appear personally at every court proceeding in a civil case."); *Pryor v. Hurley*, No. 2:05-CV-936, 2006 WL 2711677, at *3 (S.D. Ohio Sept. 21, 2006) ("[I]t appears that plaintiff's underlying state action related to custody issues of a minor child, a category of action for which the constitutional right of access to the courts offers no protection.")

Although the Court recognizes that the Third Circuit has found "an unconditional right of access . . . when denial of a judicial forum would implicate a fundamental human interest—such as the termination of parental rights or the ability to obtain a divorce," *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir. 2001), this finding

does not represent a clear trend among the circuits. More importantly, is not applicable in this instance. Here, Plaintiff is complaining about his inability to attend a hearing via telephone so he could contest a petition to change his son's name. Such an action does not directly relate to the revocation of any parental rights Plaintiff may or may not have with respect to his son. Finally, the Court finds that the alleged conduct undertaken by Defendant Stevenson was not so patently violative of Plaintiff's constitutional rights that he should have known of the violation without guidance from the Court.

For these reasons, the Court finds that Plaintiff's complaint does not allege a violation of any clearly established constitutional right. As such, Defendant Stevenson is entitled to qualified immunity.

## CONCLUSION

The Motion to Dismiss for Failure to State a Claim filed by Defendant Randy Stevenson on December 17, 2014 (Doc. 19) is **GRANTED**. Plaintiff's claim against Defendant Randy Stevenson is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant and to close this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED:   June 18, 2015**

s/ Nancy J. Rosenstengel  
**NANCY J. ROSENSTENGEL**  
**United States District Judge**
